*E-filed on*     9/8/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, PATENT LITIGATION<br><br>THIS ORDER RELATES TO:<br>All Actions | No. MDL-1423<br>This Order Applies to All Actions<br><br>C-02-00142 RMW<br>C-02-00145 RMW<br>C-02-05437 RMW<br>C-03-03594 RMW<br>C-03-03596 RMW<br>C-03-03378 RMW<br>C-03-04003 RMW<br>C-04-03001 RMW<br>C-04-03365 RMW<br>C-04-04247 RMW<br>C-04-04359 RMW<br>C-06-03843 RMW<br>C-06-04295 RMW<br><br>ORDER RE COST OF PRODUCING DOCUMENTS IN CYGNUS'S POSSESSION |

As noted in this court's July 14, 2006 order, Cygnus's counsel possesses approximately twenty-five boxes of documents from past Cygnus infringement actions which defendants want scanned and placed in the parties' discovery depository. Cygnus objected that it should not have to pay for producing these documents. The court preliminarily approved defendants' suggestion that they be allowed to have these documents scanned at their expense, with the possibility that they at some point in the future be allowed to seek reimbursement of some of this cost from Cygnus.

ORDER RE COST OF PRODUCING DOCUMENTS IN CYGNUS'S POSSESSION—MDL-1423
JAH

1    Defendants' liaison counsel estimated that it would cost $17,000 to scan the contents of the
2 twenty-five boxes of documents subject to the limitations of the July 14, 2006 order. *See* Report of
3 Liaison Counsel (July 17, 2006). At the August 18, 2006 hearing, the parties informed the court that
4 counsel for defendant AT&T Corporation, Gregory B. Wood, had assumed the responsibility for
5 sorting through these boxes and deciding what should be scanned. The estimate seems reasonable
6 enough for the undertaking as limited by Mr. Wood's sorting. Defendants may therefore scan these
7 documents at their own expense and move for reimbursement from Cygnus at some future date, if
8 appropriate. The court tentatively finds that Cygnus should bear the expense of scanning those
9 documents that is required to disclose pursuant to Fed.R.Civ.P. 26(a)(1).

10   Also at the August 18, 2006 hearing, counsel for Cygnus reported that another defendant
11 wanted to independently examine the contents of the boxes for itself, although all participating in the
12 hearing agreed to abide by Mr. Wood's decision on what documents should be scanned. No party
13 was identified as objecting to this procedure. If any defendant other than AT&T wishes to examine
14 these boxes, it must obtain court approval before doing so.[1]

17   DATED:   9/8/06            *Ronald M Whyte*
                                 RONALD M. WHYTE
18                               United States District Judge

---

[1] If counsel for the defendants in the newest additions to MDL proceedings before this court (those in cases C-06-03843 RMW and C-06-04295 RMW) object on the basis that they have not agreed to have Mr. Wood examine the documents in these boxes for them, they may apply to the court for permission to review the documents themselves.

ORDER RE COST OF PRODUCING DOCUMENTS IN CYGNUS'S POSSESSION—MDL-1423
JAH                                              2

**A copy of this order was mailed on _____ to:**

**Counsel for Plaintiff:**

John P. Sutton
2421 Pierce Street
San Francisco, CA 94115-1131

**Counsel for Defendants:**

Alan M. Weisberg, Steven M. Greenberg
Christopher & Weisberg, P.A.
200 E. Las Olas Avenue
Suite 2040
Fort Lauderdale, FL 33301

John C. Carey
Rodriguez Greenberg & Paul
1395 Brickell Ave, Suite 700
Miami, FL 33131

Felice B. Galant, Gregory B. Wood
Fulbright & Jaworski L.L.P.
865 South Figueroa Street
Twenty-Ninth Floor
Los Angeles, CA 90017

Joseph P. Zammit
Fulbright & Jaworski
666 Fifth Avenue
New York, NY 10103

John F. Mardula, Jon L. Roberts
Roberts Mardula & Wertheim, LLC
11800 Sunrise Valley Drive
Suite 1000
Reston, VA 20191-5302

Richard B. Sheldon
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683

Jeffrey L. Silvestrini, Brian F. Roberts
Cohne Rappaport & Segal
P.O. Box 11008
Salt Lake City, UT 84147-0008

Raymond J. Etcheverry
Parsons, Behle & Latimer
One Utah Center
201 South Main Street,
Suite 1800, Post Office Box 45898
Salt Lake City, UT 84145

Kieran Patrick Fallon
436 SW 8th Street
Miami, FL 33130-2814

Matthew Francis McGahren
Baum & McGahren
6171 Crooked Creek Road
Norcross, GA 30092

Lori D. Greendorfer, Maxim H. Waldbaum
Schiff Hardin LLP
623 Fifth Avenue
28th Floor
New York, NY 10022

Thomas T. Tamlyn
Yeskoo Hogan & Tamlyn, LLP
535 Fifth Avenue
New York, NY 10017

Peter S. Canelias
Law Offices of Peter S. Canelias
420 Lexington Avenue
Suite 2148
New York, NY 10170

David T. Alexander
MBV Law LLP
855 Front Street
San Francisco, CA 94111

Jon M. Gibbs
Akerman, Senterfitt
255 S. Orange Avenue
Suite 1700
Post Office Box 0231
Orlando, FL 32802-0231

Elizabeth E. Green, R. Scott Shuker
Gronek & Latham, LLP
390 N. Orange Avenue
Suite 600
Orlando, FL 32801

Meredith L. Caliman
Meredith L. Caliman Law Offices
3858 Carson Street, Suite 120
Torrance, CA 90503-6705

Gregory J. Nelson
Nelson & Roediger
3333 E Camelback Road, Suite 212
Phoenix, AZ 85018

ORDER RE COST OF PRODUCING DOCUMENTS IN CYGNUS'S POSSESSION—MDL-1423
JAH                                       3

| | |
|---|---|
| Peter Neil Greenfeld<br>Greenfeld Law Group<br>3333 E Camelback Road, Suite 212<br>Phoenix, AZ 85018-2324<br><br>Matthew McGahren<br>Baum, McGahren & Chiu, LLC<br>6171 Crooked Creek Road<br>Norcross, GA 30092 | **Courtesy Copy:**<br><br>Clerk of the Panel<br>Judicial Panel on Multidistrict Litigation<br>Thurgood Marshall Federal Judiciary Building<br>One Columbus Circle, N.E.<br>Room G-255, North Lobby<br>Washington, DC  20002-8004 |

Counsel for plaintiff is responsible for ensuring that involved attorneys not on the above service list receive a copy of this order, if necessary, and shall inform the court of any omissions.